March 22d, 1909.

————o————

## No. 4659.

(Court of Appeal, Pasish of Orleans.)

### E. A. O'SULLIVAN VS. N. O. ITEM PUBLISHING CO.

There is no fixed rule affording a safe guide for the ascertainment of the value of a lawyer's professional services, and every case must be judged according to the circumstances surrounding it.

Appeal from Civil District Court, Division "B."

E. A. O'Sullivan, for Plaintiff and Appellee.

Howe, Fenner, Spencer & Cocke, for Defendant and Appellant.

DUFOUR, J. The defendant, having in conjunction with other parties been sued for libel by one William Rabb, employed the plaintiff, a member in high standing of the local bar, to represent it in the cause.

He received a retainer of $100, filed exceptions and an answer and made all necessary and proper preparations for the trial of the cause which, for reasons not imputable to him, was continued from time to time. He was on all occasions present and ready for the performance of his duty.

The management of the Item having been changed, the plaintiff sent to Thompson, the new manager, a bill for $500 on account of his services.

In the course of a discussion as to the case and the compensation, the plaintiff informed Thompson that the total fee would be $1,000, whereupon the latter demurred and, as a final result, the plaintiff was discharged.

He then sued to recover $1,000.

The plaintiff calls attention to the fact that a libel suit is

—225—

always a difficult and dangerous suit to defend and demands skill and ingenuity, and that he carefully prepared the pleadings upon which the case went to trial.

Mr. Forman, who represented Rabb in the libel suit, says that it was a serious suit; that Mr. O'Sullivan's answer was skillful and that he was present and ready for trial every time the case was called for trial. Mr. Dufour, who succeeded the plaintiff as attorney and took charge of it for defendant in the trial in the lower court and Supreme Court, endeavored to settle the matter of compensation by suggesting to Thompson to pay $500 to Mr. O'Sullivan in full of his debt.

He also agreed as a point of professional ethics, not to charge anything for his own services.

He adds, however, that the trial developed the fact that the suit was not a serious one.

Mr. Lamar Quintero, attorney for the Picayune in the Rabb case, says that he charged his client $250, but that he received regularly from it a yearly retainer.

He adds that it is always well to be prepared and equipped for serious cases like one for libel in which the plaintiff claims $10,000.

The value of professional services is not susceptible of precise ascertainment, and it is a difficult task to even approximate it fairly.

The subjective estimate of the value of services is largely a matter of temperament; some men sanguinely overrate them, others, over-modestly, underrate them.

Expert testimony, though invited by the courts in such matters, is never binding and is frequently unheeded.

Our own view is that there is no general rule affording an exact guide, and that every case must be judged with reference to all the circumstances surrounding it.

After mature deliberation, we have concluded that an allowance of $350 will do substantial justice in the premises.

The judgment appealed from is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, E. A. O'Sullivan, and against the New Orleans Item Publishing Company, defendant, in the sum of three hundred and fifty dollars ($350), with legal interest from judicial demand, to-wit: August 2d, 1907, until paid,

subject to a credit of one hundred dollars ($100), paid April 2d, 1906, defendant to pay costs of the lower court.

It is further ordered that, as amended, the judgment be affirmed, plaintiff and appellee to pay costs of this court.